UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re ) | | Chapter 7 |
| ) | | |
| SIERRA INTEGRATIVE MEDICAL CENTER - ) | | Case No. 07-20340 |
| ) | | |
| ) | | Hon.  Donald R. Cassling |

**APPLICATION OF TRUSTEE'S COUNSEL OR OTHER PROFESSIONALS FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES**

TO:   HONORABLE DONALD R. CASSLING
      BANKRUPTCY JUDGE

GINA B. KROL, counsel for the Trustee pursuant to 11 U.S.C. §330 and FRBP 2016 submits this application for compensation and reimbursement of expenses and represents to the Court as follows:

1. An order for relief under Chapter 7 was entered on October 31, 2007.  On March 21, 2008, an order was entered approving the employment of Counsel for the Trustee.  Counsel has received $0.00 in previously awarded compensation and reimbursement of expenses.

2. Applicant requests $5,927.50, in compensation for 15.30 hours of services performed for the period December 10, 2007 through present and reimbursement of actual expenses in the amount of $82.38.

3. A description of the nature of the services rendered by the Applicant is as follows:

ABANDONMENT

An alleged leasehold creditor had filed a motion to compel the Trustee to abandon assets. Cohen and Krol reviewed the motion and discussed the matter with the Trustee to determine Trustee's intentions. Cohen and Krol prepared and filed Trustee's answer to the motion. In addition, a landlord creditor of the Debtor also responded to Debtor's motion to compel the abandonment. Cohen and Krol appeared in Court to present Trustee's opposition to the motion. Cohen and Krol reviewed documents evidencing leasehold interests in the requested abandoned assets to determine validity of same. These measures were necessary to preserve assets in this Estate. Cohen and Krol expended 5.60 hours in the activity of abandonment.

DISMISSAL

When this case was originally filed, the Debtor had failed to file all requisite schedules and statements. The case also involved patient records which required special protection. It initially appeared that this would be extremely burdensome. The Trustee sought to dismiss the case. The Debtor opposed dismissal and the trustee eventually relented and agreed to administer the case. Cohen and Krol prepared the Trustee's motion to dismiss and appeared at original and continued hearings to advocate on behalf of the Trustee. Cohen and Krol expended 4.10 hours in the activity of dismissal.

PROFESSIONAL EMPLOYMENT

Cohen and Krol prepared and presented the Trustee's application to employ attorneys for the trustee. Cohen and Krol expended 1.10 hours in the activity of professional employment.

SCHEDULES-PETITION

The Debtor did not file all required documents timely. Cohen and Krol reviewed and appeared in Court on Debtor's motion for additional time to file required documents. Cohen and Krol reviewed the petition, schedules and statement of financial affairs once they were filed. Cohen and Krol expended 2.55 hours in the activity of schedules and petition.

TURNOVER

Cohen and Krol prepared and presented Trustee's application requesting a turnover of the pre-petition bank account. Cohen and Krol obtained the order and the funds were turned over to the Trustee. Cohen and Krol expended 1.95 hours in the activity of turnover.

4. Attached as Exhibit "A" is an itemized statement of the legal services rendered. The statement reflects the legal services rendered, the time expended and a description of the work performed.

5. The hourly rates charged by the Attorneys rendering service herein are as follows:

GINA B. KROL/GBK 2007        $ 375.00
GINA B. KROL/GBK 2008        $ 395.00

6. Attached as Exhibit "B" is an itemized statement of the actual expenses incurred by the Applicant.

7. Based on the nature, extent and value of services performed by the Applicant, the results achieved, and the costs of comparable services, the compensation and reimbursement of expenses sought are fair and reasonable.

8. At all times during Applicant's representation of the Trustee, Applicant was a disinterested person and neither represented nor held an interest adverse to the estate with respect to matters on which Applicant was employed.

WHEREFORE, Applicant requests that it be awarded reasonable compensation of $5,927.50 and reimbursement of actual and necessary expenses of $82.38 for legal services rendered in this case.

RESPECTFULLY SUBMITTED,

Date: July 19, 2012  /s/ Gina B. Krol

GINA B. KROL
105 West Madison Street
Suite 1100
Chicago, IL 60602-0000